IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RHONDA DOUGLAS**                                                                              **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO. 1:23-cv-00062-LG-BWR**

**PNC BANK, NATIONAL ASSOCIATION**                                              **DEFENDANT**

### PNC BANK, NATIONAL ASSOCIATION'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendant PNC Bank, National Association ("PNC") responds as follows to the Complaint filed by Plaintiff Rhonda Douglas ("Douglas").

1. PNC lacks sufficient information to admit or deny the allegations in Paragraph 1, and it therefore denies same.

2. PNC admits that it is a national banking association organized under the laws of the United States, that it conducts business in the State of Mississippi, and that Corporation Service Company is an agent for service of process of PNC at the listed address.

3. PNC admits that it transacts business in Mississippi and that venue is proper in this Court.

### UNDERLYING FACTS

4. Admitted upon information and belief. PNC further states that the referenced Marriage License speaks for itself.

5. PNC lacks sufficient information to admit or deny the allegations in Paragraph 5 as stated, and it therefore denies same. PNC further states, however, that the referenced deed speaks for itself.

6. PNC admits upon information and belief that Frank Darby, Jr. passed away on or about December 16, 2016, and PNC further states that the referenced Certificate of Death speaks

1

for itself. PNC lacks sufficient information to admit or deny the remaining allegations in Paragraph 6, and it therefore denies same.

7. PNC admits that Frank Darby, Jr. took out a $50,000.00 loan with Hancock Bank. PNC further admits that the loan is evidenced by a July 18, 2012 promissory note (signed by Frank Darby, Jr.) and a July 18, 2012 deed of trust (executed by Plaintiff and Frank Darby, Jr.), both of which speak for themselves. PNC further admits that the deed of trust encumbered property located at 804 King Bee Road in Perkinston, Mississippi.

8. Admitted.

9. PNC admits that it received loan payments after December 16, 2016. PNC lacks sufficient information to admit or deny the remaining allegations in Paragraph 9, and it therefore denies same.

10. PNC admits that it became the loan servicer for the loan, that the assigned loan number was 1000312067, and that PNC was authorized to accept payments for the loan as loan servicer.

11. PNC lacks sufficient information to admit or deny the allegations in Paragraph 11, and it therefore denies same.

12. PNC admits upon information and belief that a fire occurred at the property in or about May 2022.

13. PNC admits that the property was insured at the time of the fire and that the insurance appears to have been through Nationwide Insurance Company and/or Scottsdale Insurance Company.

14. PNC admits that a check for $115,000.00 was issued on June 6, 2022 as a result of the fire. PNC further admits that the check was made to "THE ESTATE OF FRANK DARBY JR

C/O RHONDA DARBY and PNC BANK NATIONAL ASSOCIATION," and that the check speaks for itself.

15. PNC lacks sufficient information to admit or deny the allegations in Paragraph 15, and it therefore denies same.

16. PNC admits that it received the check and that the check was applied to pay off the outstanding balance on the loan. PNC further states that the correspondence attached to the Complaint as Exhibit 6 speaks for itself.

17. PNC admits that it issued a check for the remaining proceeds to "ESTATE OF FRANK DARBY JR C/O KAROLANNE M DARBY EDWARDS." PNC lacks sufficient information to admit or deny the remaining allegations in Paragraph 17, and it therefore denies same.

18. PNC states that any correspondence that Plaintiff sent to PNC on June 27, 2022 speaks for itself.

19. PNC lacks sufficient information to admit or deny the allegations in Paragraph 19, and it therefore denies same.

20. PNC denies the allegations in Paragraph 20 as stated, and PNC further states that the referenced correspondence speaks for itself.

21. PNC denies the allegations in Paragraph 21 as stated, and PNC further states that the referenced correspondence speaks for itself.

22. PNC denies the allegations in Paragraph 22 as stated, but it admits that it has not reissued a check for $75,157.59 made to Plaintiff in her name only.

## DECLARATORY JUDGMENT

23. PNC reasserts its responses set forth above.

24. PNC lacks sufficient information to admit or deny the allegations in Paragraph 24, and it therefore denies same.

25. PNC lacks sufficient information to admit or deny the allegations in Paragraph 25, and it therefore denies same.

26. Denied.

### NEGLIGENCE OF PNC BANK

27. PNC reasserts its responses set forth above.

28. PNC lacks sufficient information to admit or deny the allegations in Paragraph 28, and it therefore denies same. PNC further denies all allegations of wrongdoing asserted against it in Paragraph 28.

29. PNC admits that the check for $75,157.59 was made to "ESTATE OF FRANK DARBY JR C/O KAROLANNE M DARBY EDWARDS." PNC denies the remaining allegations in Paragraph 29.

30. Denied.

31. Denied.

32. Denied.

### WILLFUL CONDUCT OF PNC BANK

33. PNC reasserts its responses set forth above.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

**RELIEF REQUESTED**

39. PNC reasserts its responses set forth above.

40. Denied.

41. Denied.

**AFFIRMATIVE DEFENSES**

Having answered each paragraph of the Complaint, PNC now asserts these additional defenses. If the facts and investigation warrant, PNC may withdraw any of these additional defenses as may be appropriate. By setting forth these defenses, PNC does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff or any other party. PNC further reserves the right to amend this Answer and these defenses, and to assert additional defenses and other claims, as this matter proceeds.

**First Defense**

The facts not yet being fully developed, PNC affirmatively pleads all defenses available under Federal Rules of Civil Procedure 8, 9, and 12.

**Second Defense**

The facts not yet being fully developed, PNC asserts the affirmative defenses of accord and satisfaction, arbitration and award, assumption of risk, discharge in bankruptcy, duress, estoppel, collateral estoppel, judicial estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, parol evidence, ratification, setoff, recoupment, and any other matter constituting an avoidance or affirmative defense as may be shown by the facts.

**Third Defense**

Plaintiff has failed to mitigate her damages.

## Fourth Defense

Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

## Fifth Defense

Plaintiff's comparative and contributory negligence proximately caused or contributed to the alleged damages, injuries, and losses, if any, sustained. Any recovery by Plaintiff is therefore barred or should be diminished accordingly.

## Sixth Defense

Any monetary recovery would unjustly enrich Plaintiff and/or violate public policy.

## Seventh Defense

PNC asserts that it acted reasonably and in good faith, and that it complied with applicable laws and regulations.

## Eighth Defense

Plaintiff has failed to join indispensable parties, including, but not limited to, other parties who may have an interest in the $75,157.59 at issue in this litigation.

## Ninth Defense

PNC reserves the right, whether pursuant to Fed. R. Civ. P. 67 or otherwise, to pursue a deposit of funds with the Court, if appropriate.

Respectfully submitted, March 13, 2023.

*/s/ Stevie F. Rushing*
Stevie F. Rushing (MS Bar #105534)

ATTORNEY FOR PNC BANK, NATIONAL ASSOCIATION

<u>OF COUNSEL:</u>

Bradley Arant Boult Cummings, LLP
One Jackson Place
188 East Capitol Street, Suite 1000
P.O. Box 1789
Jackson, Mississippi 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date filed the above and foregoing with the Clerk of Court using the CM/ECF system, which will provide notice to the following:

>D. Scott Gibson, Esq.
>P.O. Box 1270
>Wiggins, Mississippi 39577
>scott@dscottgibsonlaw.com
>
>*Attorney for Plaintiff*

Submitted this 13th day of March 2023.

>/s/ Stevie F. Rushing
>OF COUNSEL