**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**RHONDA DOUGLAS**                                                          **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 1:23-cv-00062-LG-BWR**

**PNC BANK, A NATIONAL ASSOCIATION**                         **DEFENDANT**

**AMENDED COMPLAINT FOR DECLARATORY AND**
**OTHER RELIEF**

COMES NOW the Plaintiff, Rhonda Douglas, through her attorney, D. Scott Gibson, Attorney at Law, and files her Amended Complaint For Declaratory and Other Relief against PNC Bank, National Association, Defendant, and in support thereof would show the following:

1. The Plaintiff, Rhonda Douglas, is and adult resident citizen of Stone County, Mississippi residing at 1821 E. McHenry Rd. Perkinston, MS 39573.

2. The Defendant, PNC Bank, National Association, "PNC, Bank" is a National Banking Association formed under the laws of the United States authorized to transact the business of banking. The Defendant, PNC Bank, has its principal office located at 249 Fifth Avenue, Pittsburgh, Allegheny County, Pennsylvania 15222 and its principal Ohio office is located at 201 E. Fifth Street, Cincinnati, Hamilton County, Ohio 45202. PNC Bank is not registered to conduct business in the State of Mississippi, nonetheless, PNC Bank is conducting business in Stone County in the State of Mississippi and with citizens of the State of Mississippi, including the Plaintiff, Rhonda Douglas. PNC Bank has appointed Corporation Service Company 3366 Riverside Drive, Suite 103 Upper Arlington, OH 43221 its agent for service of process and may be served with process through its appointed agent or as otherwise provided by law.

3. The Complaint for Declaratory and Other Relief and Exhibits were filed in the Circuit Court of Stone County, Mississippi on February 3, 2023.

4. This matter was removed to this Court by the Defendant by Notice of Removal on March 7, 2023.

5. PNC Bank transacts the business of banking in Stone County, Mississippi, Mississippi and therefore venue is proper in this Court.

**UNDERLYING FACTS**

6. The Plaintiff, Rhonda Douglas, " Rhonda" was married to Frank Peter Darby, Jr., "Frank."  A copy of the Marriage Licence certifying the marriage of Franklin Peter Darby, Jr. and Rhonda R. Schmidt Darby, is filed with this Amended Complaint as Exhibit 1.

7. During their marriage Frank and Rhonda purchased a parcel of property located in Stone County, Mississippi at 804 King Bee Rd. Perkinston, MS 39573.  The real property and improvements included the land and a home, which was the homestead of Frank and Rhonda, the "Real Property." The Real Property was purchased and acquired and their home was built by Frank and Rhonda during their marriage.  The Real Property was owned by Frank and Rhonda in fee as joint tenants with full rights of survivorship and not as tenants in common.  A true copy of the Warranty Deed by which Frank and Rhonda acquired the Real Property is filed with this Amended Complaint and referenced herein as Exhibit 2.

8. Frank passed away on December 16, 2016.  At the time of his passing, Frank and Rhonda were married.  A copy of the Certificate of Death of Frank Peter Darby, Jr. is filed with this Complaint as Exhibit 3.  Upon the death of Frank, Rhonda become the sole owner of the Real Property.

9. Prior to Frank's death, a mortgage loan was secured by Frank with Hancock Bank for a mortgage on Frank and Rhonda's Real Property. As part of this mortgage loan Rhonda and Frank granted Hancock Bank a security interests in their Real Property located at 804 King Bee Rd. in Perkinston, Mississippi through a Deed of Trust. At the time of Frank's death on December 16, 2016 the existing security interest and lien to secure repayment of a loan with Hancock Bank in the amount of $50,000.00 was evidenced by a Deed of Trust from Frank and Rhonda to Hancock Bank dated July 18, 2012 and filed of record in the land records of Stone County, Mississippi at Deed of Trust Book 351 page 388. A true and correct copy of the Deed of Trust, "Deed of Trust," is filed with this Amended Complaint as Exhibit 4.

10. By the terms of the Deed of Trust Mortgage Electronic Registration Systems, Inc., MERS, was nominated by Hancock Bank as beneficiary under the Deed of Trust.

11. Prior to Frank's death, MERS, appointed the Defendant, PNC Bank, to service the loan, loan number 1000312067, and *inter alia* to receive the monthly mortgage payments on the loan.

12. After Frank's death, Rhonda continued to live on the Real Property until her remarriage to Robert Douglas. After Frank's death Rhonda continued to pay the mortgage loan payments and escrow payments for taxes and insurance to PNC Bank each month when due.

13. Prior to Frank's death, Frank and Rhonda secured and maintained an insurance policy through Johnson and Johnson Insurance insuring the Real Property against loss, HOS1003029. The named insureds were Franklin P Jr. and Rhonda Darby. After Frank's death, and at all times relevant hereto Rhonda continued to maintain and pay for the insurance policy through Johnson and Johnson Insurance insuring her Real Property against loss. Rhonda was the named insured on the policy, HOS1003029. This policy was secured annually by Rhonda and was paid through monthly

payments into an escrow account with the mortgage payments to PNC Bank. Sometime after July, 2021 the named insured on the policy, HOS1003029, was changed from Rhonda Darby to the Estate of Frank Darby Jr. C/O Rhonda Darby.  Rhonda did not request or make this change.  During this time, PNC Bank was communicating with Karolanne Edwards, Rhonda's daughter, regarding the loan and as believed by Rhonda, these communications between PNC and Karolanne Edwards included the change of the named insured on the policy of insurance.

14.  On May 22, 2022 Rhonda's home on the Real Property burned and was a total loss.

15.  At the time of the loss Rhonda had in place the policy of insurance through Johnson and Johnson Insurance and with Nationwide Insurance Company and Scottdale Insurance Company insuring her Real Property against loss; policy HOS1003029.

16.  On June 6, 2022 Nationwide Insurance, Scottsdale Insurance Company, issued a check in the amount of $115,000.00 for the total loss of Rhonda's home. The check was issued in the name of The Estate of Frank Darby, Jr., C/O Rhonda Darby and Defendant, PNC Bank National Association.  A true copy of the check is filed with this Amended Complaint as Exhibit 5.

17. Shortly after the loss, Rhonda spoke with a representative of PNC Bank by telephone and advised that she would not be rebuilding, wanted the insurance proceed funds applied to pay the balance of the loan and the remaining funds paid over to her as the sole owner of the insured Real Property.

18.  Rhonda endorsed the check and forwarded it to the Defendant, PNC Bank.  PNC Bank negotiated the check and paid the outstanding balance on the loan, paying off the outstanding mortgage on the Real Property.   A true and correct copy of the PNC Bank correspondence confirming that the outstanding loan had been paid in full is filed with this Amended Complaint as

Exhibit 6.

19. After using the insurance proceeds funds to pay the balance of the mortgage loan, PNC Bank issued a check in the amount of $75,157.59 payable to The Estate of Frank Darby, Jr., C/O Karolanne Edwards and not to Rhonda. The check could not be negotiated. Rhonda contacted PNC Bank. PNC Bank refused to speak with Rhonda about the matter. Neither the Estate of Frank Peter Darby, Jr., nor Karolanne Edwards has any interest in the insured Real Property or the excess proceeds.

20. On June 27, 2022, Rhonda corresponded with PNC Bank telling PNC Bank that she was the only interested party in the remaining excess insurance proceeds derived from the loss to the Real Property and informing PNC Bank that neither the Estate of Frank Darby, Jr., nor Karolanne Edwards had any interest in the funds.

21. After several contacts and telephone calls and having no success in obtaining payment of her funds from PNC Bank, Rhonda retained undersigned counsel. On July 22, 2022, contact was made with a representative of PNC Bank to request payment of the funds to Rhonda. The representative's name was Tashaya who advised the telephone conversation was recorded and who after a few minutes into the telephone conversation advised that Rhonda did not appear to have an interest in the funds and she would no longer speak with Rhonda nor her counsel about the matter.

22. On July 25, 2022, undersigned counsel sent a demand letter to PNC Bank in which PNC Bank was again apprised of Rhonda's sole ownership interest in the Real Property and remaining insurance proceeds funds. PNC Bank was provided a copy of the Warranty Deed, Exhibit 2, a copy of the Certificate of Death of Franklin Peter Darby, Jr., Exhibit 3, and demand was made for payment of the balance of the insurance proceeds of $75,157.59 and interest. A copy of the demand

correspondence and its attachments is filed with this Amended Complaint as Exhibit 7. When it was determined that PNC Bank had sent a check for the balance of the insurance proceeds funds to Karolanne Edwards made payable to the Estate of Frank Darby Jr. C/O Karolanne Edwards another demand letter was delivered to PNC Bank on July 25, 2022 again demanding full payment to Rhonda. PNC Bank did not respond to either of these demand letters.

23. On August 1, 2022 undersigned counsel by correspondence demanded that PNC Bank immediately take all steps necessary to get the balance of the funds, $75,157.59 to Rhonda. PNC failed to respond to the August 1, 2022 correspondence.

24. As of the date of the filing of the Amended Complaint, PNC Bank has failed and refused to make payment of the remaining insurance proceeds in the amount of $75,157.59 to Rhonda. Prior to filing the Complaint, PNC Bank failed or refused to contact Rhonda in any meaningful manner to pay the funds to Rhonda.

25. On or about May 30, 2023 Rhonda received another check from PNC Bank dated April 20, 2023 made payable to Estate of Frank Darby Jr C/O Karolanne Darby Edwards C/O Rhonda A Darby 804 King Bee Rd. Perkinston, MS 39573. Karolanne Darby Edwards has passed away. A true copy of the check is filed herewith as Exhibit 8.

26. Rhonda is unable to negotiate this check.

## DECLARATORY JUDGMENT

27. Rhonda incorporates the foregoing paragraphs in this paragraph.

28. At all relevant times Rhonda was the sole and only owner of the Real Property described and evidenced by the Warranty Deed, Exhibit 2 attached.

29. At all relevant times Rhonda maintained and paid for the insurance policy she purchased

from Johnson and Johnson Insurance, HOS1003029, which covered the fire loss to her home.

30. At all relevant times after the mortgage serviced by PNC Bank was paid with funds from the insurance proceeds covering the loss, Rhonda was and is the only person interested in the excess insurance proceed funds held by PNC Bank in the amount of $75,157.59.

31. The court should enter its order finding and declaring that Rhonda is the only party interested in the excess funds and order that the Defendant, PNC Bank, make payment directly to Rhonda Darby Douglas.

## BREACH OF CONTRACT

32. Rhonda incorporates each of the foregoing paragraphs in this paragraph.

33. Rhonda was party to the Deed of Trust, Exhibit 4 filed with this Amended Complaint. As defined by the Deed of Trust, Rhonda was also a "Borrower," under the terms of the Deed of Trust.

34. By its terms, the Deed of Trust, requires the following with respect the payment of excess funds when a loss occurs to property and repairs are not made to the property:

> "[i]f the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower....

35. Rhonda chose not to have her home repaired and notified PNC Bank.

36. Upon receiving the insurance proceed funds covering the loss to Rhonda's property, Rhonda sent the funds to PNC Bank, the Lender.

37. PNC Bank negotiated the check, paid the sums secured by the Deed of Trust, the balance owed on the loan. The excess remaining is the sum of $75,157.59. Under the foregoing terms of the

Deed of Trust, PNC Bank as Lender was to pay the excess funds to Rhonda the Borrower.

38. PNC Bank has failed to pay the remaining excess funds to Rhonda as Borrower under the terms of the Deed of Trust as required.

39. As a result of its failure to pay the sums to Rhonda, PNC Bank has breached the terms of the Deed of Trust.

40. Such conduct on the part of PNC Bank is a breach of contract the result of which Rhonda as suffered damage and loss for which she seeks a judgment against PNC Bank.

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

41. Rhonda incorporates each of the foregoing paragraphs in this paragraph.

42. Rhonda was party to the Deed of Trust, Exhibit 4 filed with this Amended Complaint. PNC Bank was a party to the Deed of Trust as well. The Deed of Trust is a contract between Rhonda and PNC Bank.

43. Running with this contract, the Deed of Trust, was an implied covenant of good faith and fair dealing between the parties, Rhonda and PNC.

44. Rhonda reasonably relied on PNC Bank to communicate with her regarding all aspects of the loan, the Deed of Trust and any changes sought to the named insured on the policy of insurance purchased by Rhonda. PNC Bank failed to maintain communication with Rhonda regarding the loan, Deed of Trust, and the change to the named insured on the policy purchased by Rhonda, instead, communicating with third parties, including Karolanne Edwards. As a result, PNC Bank breached the implied duty of good faith and fair dealing.

45. Upon receiving the insurance proceed funds covering the loss to Rhonda's property,

Rhonda sent the funds to PNC Bank in reliance on the Deed of Trust requirements and the implied duties between the parties, Rhonda and PNC Bank, running with the Deed of Trust.

46. PNC Bank negotiated the check, paid the sums secured by the Deed of Trust, the balance owed on the loan. The excess remaining is the sum of $75,157.59.

47. As a result of PNC Bank's breach of the implied duties of good faith and fair dealing, Rhonda as suffered damage and loss for which she seeks a judgment against PNC Bank.

## NEGLIGENCE OF PNC BANK

48. Rhonda incorporates the foregoing paragraphs in this paragraph.

49. At all relevant times Rhonda was the sole owner of the Real Property. At all relevant times Rhonda maintained and paid for the casualty insurance policy through Johnson and Johnson Insurance with Nationwide insuring her interest in the Real Property against loss. At all relevant times PNC Bank had all of the necessary information to make the determination that Rhonda is the sole owner of the Real Property and only real party in interest to the excess remaining insurance funds proceeds in the amount of $75,157.59.

50. PNC Bank, while having all the necessary and proper evidence of Rhonda's sole ownership interest in the Real Property and sole ownership interest in the remaining insurance proceeds funds including the Warranty Deed and Deed of Trust, has refused to pay the balance of the funds to Rhonda, and at times has refused to even speak to Rhonda. PNC made a check for the remaining proceeds funds in the amount of $75,157.59 to the Estate of Frank Darby, Jr. C/O Karolanne Edwards and now The Estate of Frank Darby Jr C/O Karolanne M Darby Edwards C/O Rhonda Darby. These could not be negotiated.

51. Rhonda has repeatedly informed PNC Bank of this error. At all times PNC had and

continues to have a duty and an obligation to Rhonda to review the ownership documents provided it by Rhonda, to make an appropriate inquiry and an adequate investigation into the ownership of the Real Property and insurance proceeds.  Had PNC Bank made an appropriate inquiry and an adequate investigation it would have determined that Rhonda is the sole owner of the remaining insurance proceeds funds it continues to hold.  PNC Bank failed and refused to make an appropriate inquiry and adequate investigation and has thus far refused to comply with its obligation to pay the proceeds to Rhonda.

52.   PNC Bank breached the duties and obligations it owes to Rhonda by failing to conduct an adequate and appropriate inquiry and investigation into the ownership interests in the remaining insurance proceeds funds and has been otherwise negligent in its actions and conduct towards Rhonda Douglas in its handling of this matter and in its refusal to pay the proceeds to Rhonda.

53.   As a result of PNC negligence, Rhonda has suffered losses and damages, including but not limited to income and interest on the funds withheld by PNC Bank.   Rhonda has been forced to retain the services of an attorney to secure the lawful payment of the proceeds to Rhonda.  Rhonda has been  damaged in amount to be shown and the trial of this matter and in no event less than $100,000.00.

## WILLFUL CONDUCT OF PNC BANK

54. Rhonda incorporates the foregoing paragraphs in this paragraph.

55. At all relevant times, PNC Bank had all the information necessary, including the Deed of Trust, Warranty Deed, Death Certificate of Frank Darby, Jr. Rhonda's husband, policy information in order for it to lawfully pay the excess insurance proceeds funds in the amount of $75,157.59  to Rhonda.   Rhonda's right to the funds is undisputed.

56. PNC Bank while having been given all the necessary information and receiving the demands therefore, has wilfully refused to pay the balance of the proceeds to Rhonda without justification and instead has made payment to parties which have no ownership interest in the funds.

57. Rhonda has informed PNC Bank of this error. PNC Bank has wilfully refused to comply with its obligation to pay the funds over to Rhonda despite her repeated requests and demands for it to do so.

58. PNC's actions towards Rhonda in its handling of this matter and in its continued wilful refusal to pay the proceeds to Rhonda are so egregious that they arise to a level of wilful and wanton negligent conduct towards Rhonda.

59. As a result of PNC Bank's wilful and wanton negligent conduct and actions, Rhonda has suffered losses and damages, including but not limited to incomes and interest on the funds withheld by PNC; she has been required to retain the services of an attorney to secure the lawful payment of the proceeds and has otherwise been damaged by the actions and inactions of PNC Bank . As a result of this conduct, Rhonda has been damaged in an amount to be shown and the trial of this matter, in no event less than $100,000.00.

## RELIEF REQUESTED

60. Rhonda incorporates the foregoing paragraphs in this paragraph.

61. Rhonda is entitled to a declaratory Judgment from this Court declaring that she is the only party interested in and is the owner of the insurance proceeds funds in the amount of $75,157.59 held by PNC Bank by virtue of the insurance loss payment made by Nationwide and Scottdale Insurance Company under the policy of insurance for the loss to the Real Property owned by Rhonda. Rhonda requests this Court enter its Order declaring Rhonda the sole party in interest

and owner of the remaining proceeds and directing PNC Bank pay amount of $75,157.59 and interest to Rhonda Darby.

62.  Due breaches of the terms of the Deed of Trust by PNC and due to the negligent and the wilful and wanton actions and conduct of PNC Bank towards Rhonda in this matter, Rhonda is entitled to and hereby demands payment of $75,157.59 and in addition damages from PNC Bank in an amount of not less than $100,000.00 for her losses, court costs, expenses and attorney's fees incurred in having to bring this action.

Rhonda requests such other and further relief to which she is entitled in the premises.

Respectfully submitted, this the 13th day of June, 2023.

RHONDA DOUGLAS, PLAINTIFF

BY:   */S/ D. SCOTT GIBSON*
D. SCOTT GIBSON,
ATTORNEY FOR THE PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that I have this date filed the above and foregoing Amended Complaint for Declaratory and Other Relief and Exhibits 1-8 with the Clerk of Court using the CM/ECF system, which will provide notice to the following:

Stevie F. Rushing Esq.
Bradley Arant Boult Cummings, LLP
One Jackson Place
188 East Capital Street, Suite 1000
P.O. Box 1789
Jackson, MS 39215
srushing@bradley.com

*Attorney for Defendant*

Submitted this 13th day of June, 2023.

                                                 */S/D. SCOTT GIBSON, ATTORNEY*
                                                 D. SCOTT GIBSON,
                                                 ATTORNEY FOR THE PLAINTIFF

D. SCOTT GIBSON
MS BAR NO. 8460
ATTORNEY AT LAW
P.O. BOX 1270
WIGGINS, MS 39577
T: 601.528.6028
F: 601.528.6030
scott@dscottgibsonlaw.com